# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO REAL, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4128 |
| | : | |
| JOHN WETZEL, *et al.,* | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this 12th day of December, 2019, upon consideration of Plaintiff Fernando Real's Motion to Proceed *In Forma Pauperis* (ECF No. 4), Prisoner Trust Fund Account Statement (ECF No. 5), *pro se* Amended Complaint (ECF No. 6), and Motion for Appointment of Counsel (ECF No. 7), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Fernando Real, #GG-0219, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of State Correctional Institution-Greene or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Real's inmate account; or (b) the average monthly balance in Real's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Real's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate

official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Real's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of State Correctional Institution-Greene.

4.      The Amended Complaint is **DEEMED** filed.

5.      For the reasons stated in the Court's Memorandum, the Amended Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with respect to Real's official capacity claims.

6.      For the reasons stated in the Court's Memorandum, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with respect to Counts II and VI.

7.      The Amended Complaint shall **PROCEED** with respect to Counts I, III, IV, and V.

8.      The Clerk of Court shall **AMEND** the caption to reflect that John Wetzel and John Doe Two are no longer Defendants in this action.

9.      The remaining John Doe Defendants, John Doe One, and John Doe Three, will not be served unless or until Real provides sufficient identifying information to allow for service.

10.     The Clerk of Court shall issue summonses. Service of the summonses and the Complaint, along with a copy of this Order and its accompanying Memorandum, shall be made upon Defendants Thomas Grenevich, Correctional Officer Turnage, and Correctional Officer Spagnoletti, by the U.S. Marshals Service. Real will be required to

complete USM-285 forms so that the Marshals can serve Defendants. Failure to complete these forms may result in dismissal of this case.

11. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true
> and correct copy of the foregoing (name of
> pleading or other paper) has been served
> upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly
> addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

12. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Real is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

13. Real is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve

the dispute." Real shall attempt to resolve any discovery disputes by contacting Defendant's counsel directly by telephone or through correspondence.

14.     No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

15.     In the event a summons is returned unexecuted, it is Real's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

16.     The parties should notify the Clerk's Office when there is an address change.  Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

17.     Real's Motion for Appointment of Counsel (ECF No. 7) is **DENIED WITHOUT PREJUDICE**.

BY THE COURT:


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**